UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| LARRY CLENDENNY,    )  | |
|     Plaintiff,    )  | |
|                   )  | |
| vs.               )  | Case No. 23-cv-3235 |
|                   )  | |
| LATOYA HUGHES, *et al.*,    )  | |
|     Defendants.   )  | |

### MERIT REVIEW ORDER

This cause is before the Court for a merit review of Plaintiff's Complaint. (Doc. 1). The Court is required by 28 U.S.C. § 1915A to "screen" Plaintiff's Complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." § 1915A. In reviewing the Complaint, the Court takes all factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (internal citation omitted).

### ALLEGATIONS

Plaintiff files suit against Defendants IDOC Acting Director Latoya Hughes, Warden Vernon Dewitt, Doctor Sherry Simmins, Physician Tim Adesanya, Healthcare Administrator Stephanie Howard, Nurse Amanda Hildebrand, Nursing Assistants B. Yoder and L. Rosentreater, and Assistant Megan Battles. Plaintiff alleges Defendants were deliberately indifferent to his

serious medical needs and violated his rights under the Americans with Disabilities Act ("ADA") at Graham Correctional Center ("Graham") between January 6, 2022, and October 26, 2022.

Plaintiff alleges he reported to the Nursing Health Care Unit at Graham several times regarding complaints of muscle cramping, numbness, and neuropathy in his right leg and calf. Plaintiff alleges Defendant Simmins was aware of this serious medical need as early as January 6, 2022. Based on notations in his medical records, Plaintiff alleges that Defendants Yoder, Rosentreater, Adesanya, and Hildebrand were also aware of his condition.

Plaintiff alleges that he fell on September 9, 2022, fractured his ankle, and underwent surgery. A catheter was placed into Plaintiff for surgery. The surgeon recommended follow-up appointments with a urologist and Dr. Khurana, a vascular specialist, "for evaluations in regards to blood flow concerning post-op secondary surgery." *Id.* at p. 8. Plaintiff returned to prison after the surgery.

Plaintiff alleges the recommended follow-up appointments were never scheduled. As a result, the catheter remained inside his bladder for three weeks, which caused a serious and life-threatening bacterial infection. Plaintiff was hospitalized at St. John's Hospital in Springfield, Illinois for twelve days, where he received treatment for the bacterial infection and had the catheter removed.

On October 26, 2022, Plaintiff underwent a second surgery for his ankle. Plaintiff claims he is still unable to put weight on his foot, despite treatment and therapy. Plaintiff alleges his condition has worsened and he is now confined to a wheelchair.

Plaintiff claims that Defendants Howard and Battles were responsible for scheduling follow-up appointments but failed to do so. Plaintiff also alleges that Defendants Howard, Battles, Simmins, Adesanya, Hildebrand, Yoder, and Rosentreater were deliberately indifferent to his

serious medical needs because they "had reviewed Plaintiff's medical chart and could reasonably conclude that no appointments were scheduled." *Id.* at p. 9.

## ANALYSIS

It is well established that deliberate indifference to a serious medical need is actionable as a violation of the Eighth Amendment. *Hayes v. Snyder*, 546 F.3d 516, 522 (7th Cir. 2008). Deliberate indifference is proven by demonstrating that a prison official knows of a substantial risk of harm to an inmate and "either acts or fails to act in disregard of that risk." *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). A claim does not rise to the level of an Eighth Amendment issue, however, unless the punishment is "deliberate or otherwise reckless in the criminal law sense, which means that the defendant must have committed an act so dangerous that his knowledge of the risk can be inferred or that the defendant actually knew of an impending harm easily preventable." *Antonelli v. Sheahan,* 81 F.3d 1422, 1427 (7th Cir. 1996).

Healthcare providers may exercise their medical judgment when deciding whether to refer a prisoner to a specialist. *Pyles v. Fahim*, 771 F.3d 403, 411-12 (7th Cir. 2014). The failure to refer is deliberately indifferent only if "blatantly inappropriate." *Id*. at 411-12. Denying a referral in favor of "easier and less efficacious treatment" may be blatantly inappropriate if it does not reflect sound professional judgment. *Petties v. Carter*, 836 F.3d 722, 729-30 (7th Cir. 2016), *as amended* (Aug. 25, 2016). In this case, however, Plaintiff merely asserts that Defendants are liable for failing to schedule timely follow-up appointments because they reviewed his medical charts and could have "reasonably concluded that no appointments were scheduled." (Doc. 1 at p. 9). These threadbare allegations are insufficient to allege an Eighth Amendment deliberate indifference claim against Defendants Howard, Battles, Simmins, Adesanya, Hildebrand, Yoder, and Rosentreater.

In a conclusory fashion, Plaintiff alleges that Defendants violated the ADA. (Doc. 1 at p. 5). "Congress enacted the ADA 'to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities.' The Act 'forbids discrimination against persons with disabilities in three major areas of public life: (1) employment, which is covered by Title I of the statute; (2) public services, programs and activities, which are the subjects of Title II; and (3) public and private lodging, which is covered by Title III.' It is now well-settled that prisons and correctional facilities are covered by Title II." *Phipps v. Sheriff of Cook Cnty.*, 681 F. Supp. 2d 899, 913 (N.D. Ill. 2009) (internal citations omitted).

To allege a violation of Title II, Plaintiff must sufficiently plead: "[1] that he is a 'qualified individual with a disability,' [2] that he was denied 'the benefits of the services, programs, or activities of a public entity' or otherwise subjected to discrimination by such an entity, and [3] that the denial or discrimination was 'by reason of' his disability." *Id*. at 913-14 (citing *Love v. Westville Corr. Ctr.*, 103 F.3d 558, 560 (7th Cir. 1996) (quoting 42 U.S.C. § 12131)). Plaintiff's sparse allegations do not establish a claim under the ADA.

Plaintiff names IDOC Acting Director Hughes and Warden Dewitt as Defendants, but he does not include any allegations against them in his Complaint. An individual is liable under Section 1983 only if he or she personally participated in the alleged deprivation. *Palmer v. Marion Cnty.*, 327 F.3d 588, 594 (7th Cir. 2003). Defendants cannot be held liable merely because of their supervisory positions, as the doctrine of *respondeat superior* (supervisor liability) does not apply to actions filed under Section 1983. *Pacelli v. DeVito*, 972 F.2d 871, 877 (7th Cir. 1992). Additionally, "if a prisoner is under the care of medical experts, a non-medical prison official will generally be justified in believing that the prisoner is in capable hands." *Arnett*, 658 F.3d at 755 (citing *Greeno v. Daley*, 414 F.3d 645, 656 (7th Cir. 2005)).

Finally, Plaintiff files a Motion to Request Counsel. (Doc. 4). "There is no right to court-appointed counsel in federal civil litigation." *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014). When evaluating a request for counsel, the Court must first determine if the plaintiff made a reasonable attempt to obtain counsel or was effectively precluded from doing so. *Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir. 2007). "This is a mandatory, threshold inquiry that must be determined before moving to the second inquiry." *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021) (citing *Davis v. Moroney*, 857 F.3d 748, 753 (7th Cir. 2017)). Plaintiff states that he contacted only two law firms to seek representation. Plaintiff has not demonstrated a reasonable attempt to secure his own lawyer. Plaintiff's motion is denied with leave to renew. If Plaintiff renews his motion, he is directed to attach copies of letters he sent to or received from prospective counsel, list the attorneys or law firms he contacted, and indicate whether he received a response.

**IT IS THEREFORE ORDERED:**

**1) Plaintiff's complaint is dismissed for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) and 28 U.S.C. § 1915A. Plaintiff shall have 30 days from the entry of this order to file an amended complaint. Failure to file a timely amended complaint will result in the dismissal of this case, with prejudice, for failure to state a claim. Plaintiff's amended complaint will replace Plaintiff's original complaint in its entirety. The amended complaint must contain all allegations against all Defendants. Piecemeal amendments are not accepted.**

**2) The Clerk is directed to send Plaintiff a blank Section 1983 complaint form.**

**3) Plaintiff's Motion to Request Counsel [4] is DENIED.**

**4) Plaintiff shall immediately inform the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.**

ENTERED: 12/21/23

s/ James E. Shadid
James E. Shadid
U.S. District Court Judge